In this suit, which was originally brought In the County Court of Greenbrier, the complainant, Hoover, stated in his bill, that a certain Christopher Miller purchased a tract of land of Andrew Donally, paid him part of the purchase-money, delivered him the bond of a third person, in part oi the balance, and took his (Donally’s) bond for a title; that Miller, in consequence of this bargain, took quiet possession of the premises, and raised a crop thereon; but that Donally afterwards forcibly turned him out of possession, and through his agent Samuel Brown) sold the land to Charles Grattan ; that Miller assigned the title-bond to Hoover, who thereupon tendered to Donally the sum 2571. 18s. 4d. being the amount of the principal and interest remaining due <of the purchase-money, and demanded a conveyance, which he refused. The bill was therefore filed against Donally, Brown, his agent, and Grattan the purchaser of the land; ^interrogating the defendant, Grattan, particularly, whether (previous to his purchase) he did not know of the claim and purchase of Miller, and tinder what right or under whose claim he had obtained a right to the land in question, and praying a decree compelling the said Donally, Brown, and Grattan, or wnicbever of them the legal title should be in, to convey the same to the complainant, with warranty against themselves and their heirs: but Miller, the assignor to the complainant was not made a party.
The answer of Donally admitted the contract with Miller; and that he (the respondent) received, on account of the purchase, a mare, saddle and bridle, valued at 301. and the bond of William Cocke for 1501. but that Cocke refused to pay it, and charged Miller, by a written notification, with fraud in obtaining it; that Miller on receiving this notification, promised to try and make up the money; and of his own accord, without the permission of the respondent, went on the land; that on being pressed for payment, he said he was totally unable to comply with his contract, and requested to be released from it; to which the respondent assented, having no kind of security for the money; that Miller, in consideration of the respondent’s trouble and expenses, in going as his agent to collect the bond of Cocke, as well as of the failure of that application, and of the death of the horse which the respondent rode, agreed to relinquish in toto the first payment of 301. made as aforesaid; and voluntarily moved off th» land, and left the State; that the respondent returned to him the bond of Cocke ; but that Miller fraudulently retained the title-bond, and afterwards assigned it to Hoover, who went in pursuit of him for the purpose of obtaining it, though before his taking the assignment he had repeatedly mentioned to the respondent, that Miller had told him he had relinquished the contract altogether; that the sale to Grattan had actually taken place, and full satisfaction been made to the respondent by him before the tender of the money by Hoover; which transaction was charged to be vexatious, deceitful, and fraudulent.
*The answer of Brown acknowledged that he had sold the land to Grattan under a power from Donally; and Grattan, in his answer, averred that he did not know of Miller’s claim previous to his purchase from Brown acting in behalf of Donally; that the only right by which he claimed, was derived from Donally, who was the only person under whose claim he had obtained a right to the lands in question : but whether any deed had been made to him (Grattan) did not appear from the bill, answers, or evidence in the record.
The other circumstances in the case have no relation to the points decided by this Court, and therefore need not be mentioned.
The County Court decreed a conveyance to the plaintiff on his paying 2571. 18s. 4d. The defendant appealed to the Superior Court of Chancery for the Staunton district; where the decree of the County Court was reversed; the bill dismissed with costs as to Brown and Grattan; and an account directed as to the payment made by Miller to Donally, and the expenses of the latter in going to collect Cocke’s bond: from which decree Hoover appealed to this Court.
Wirt, (1) for the appellant, and Call, *678 for the appellees, argued on he merits; but, it appearing from the objections made on both sides, that the cause was not ripe for decision, the Court, after consideration, unanimously entered the following *decree: “That the record is too imperfect to enable the Court to decide the cause, as well from the want of a necessary party (to wit, Christopher Miller) to the suit, as from its not appearing with sufficient certainty whether the appellee Grattan had obtained a legal conveyance for the lands and tenements in controversy, prior to his having received notice of the appellant’s claim; and consequently, that no final decree ought to be made therein until those defects are supplied.” “Both decrees reversed, and cause remanded to the County Court to be further proceeded in according to the principles of this decree.” _

 Wirt observed, tliat the condition of Donally’s bond was to convey at or upon payment of the purchase-money. He said there was no abandonment of the contract: and that, incases much stronger, where a day for payment was fixed, and had passed, still the Court would decree a conveyance. 1 Atk. 12, Gibson v. Patterson and others; 4 Bro. Ch. Rep. *678 329, Pinche v. Curteis; 1 Ves. jun. 221. Oalcraft v. Roebuck; 3 Yes. jun. 625, Conolly v. Parsons, in note, Sugd. on Vendors, 255. He objected that Grat-tan did not appear to have a deed or any legal title. If he had it, he should have shewn it, that its date might appear; and should have expressly denied notice of Miller’s prior claim at the time when he received his deed. Sugd. 487,507, 513. Grattan, then having only an'eciuity, could not prevail against Miller’s right, under which Hoover claimed; for the rule is that between two equities, he who is prior in point of time is prior in point of right. 2 Fonb. 301; Sugd. 487.
Call, contra, insisted that the evidence of abandonment of the contract was complete; and that Grattan’s answer was sufficient as to the point of notice, being directly responsive to the allegation in the bill on that subject, and denying notice in the same terms in which notice was alleged; but he admitted that Miller, a proper party, was not before the Court. Howard’s Exchequer, 226, citing 2 P. wms. 643. — Note in Original Edition.